UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENVISIONTEC, INC.,

    Plaintiff,

v.

STAX3D, INC., et al.,

    Defendants.
_____/

Case No. 19-13564
Honorable Victoria A. Roberts

**ORDER:**

**(1) DEEMING MOOT DEFENDANT YOCUM'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF No. 12];**

**(2) GRANTING PLAINTIFF RETROACTIVE LEAVE TO FILE HIS SECOND AMENDED COMPLAINT;**

**(3) DENYING YOCUM'S MOTION TO STRIKE THE SECOND AMENDED COMPLAINT [ECF No. 14]; and**

**(4) RESERVING RULING ON AND REQUIRING THE PARTIES TO BRIEF YOCUM'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT [ECF No. 14]**

Plaintiff filed this case against Stax3D and Jason Yocum. In response to a show cause order, Plaintiff filed a first amended complaint.

Yocum moved to dismiss the first amended complaint, arguing – in part – that the Court lacked personal jurisdiction over him. [ECF No. 12].

In response to the motion, Plaintiff filed a second amended complaint with additional allegations regarding personal jurisdiction.

Yocum now moves to strike or dismiss the second amended complaint. [ECF No. 14]. In addition to arguing that the Court lacks personal jurisdiction over him and that Plaintiff fails to state a claim under Rule 12(b)(6), Yocum says the Court should strike the second amended complaint under Rule 15, since Plaintiff did not get consent from Defendants or leave to file the second amended complaint from the Court.

Yocum's motion to dismiss the first amended complaint [ECF No. 12] is **MOOT**.

Although Plaintiff failed to obtain leave of Court to file his second amended complaint, the Court grants Plaintiff retroactive leave to file his already-filed second amended complaint because: (1) Plaintiff only filed his first amended complaint in response to the Court's show cause order; (2) Plaintiff's first amended complaint merely cured defects regarding subject matter jurisdiction and did not amend or add substantive allegations regarding personal jurisdiction or the claims; and (3) leave to amend should be "freely give[n] . . . when justice so requires," see Fed. R. Civ. P. 15(a)(2).

Yocum's motion to strike or dismiss the second amended complaint [ECF No. 14] is **DENIED IN PART**: with respect to Yocum's request to strike

the second amended complaint.  But the Court **RESERVES RULING** on Yocum's request to dismiss the second amended complaint for lack of personal jurisdiction or for failure to state a claim.  The parties must brief the personal jurisdiction and failure to state a claim portions of the motion.  Plaintiff's response is due **May 12, 2020**.  Yocum's reply brief is due **May 26, 2020**.

    **IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 27, 2020