UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENVISIONTEC, INC.,

      Plaintiff,                       Case No. 19-13564

                                          Honorable Victoria A. Roberts

v.

STAX3D, INC., and JASON YOCUM,

      Defendants.

  _____/

## ORDER GRANTING DEFENDANT YOCUM'S MOTION TO DISMISS [ECF No. 14]

### I.    INTRODUCTION

EnvisionTEC Inc ("Envision") brings this action against Stax3D Inc ("Stax") and its CEO, Jason Yocum ("Yocum"), alleging breach of contract, unjust enrichment, embezzlement and conversion. Envision claims that Stax and Yocum breached a distributor agreement by failing to pay $86,611.68 for printing machinery. There are two primary defects in Envision's claim. First, Yocum signed the Distributor Agreement in a representative, not personal capacity. Second, Defendants did not transact or direct sufficiently substantial business activities within the State of

Michigan. Despite that, Envision says it has personal jurisdiction over Yocum because of his electronic and physical contacts in Michigan.

Yocum asks the Court to dismiss Envision's claims due to lack of personal jurisdiction and failure to state a claim. The Court agrees that it lacks jurisdiction over Yocum. Consequently, Yocum's Motion to Dismiss [ECF No. 14] is **GRANTED** and the Second Amended Complaint [ECF No. 13] is **DISMISSED WITH PREJUDICE** against Yocum.

## II.     BACKGROUND

Envision is a Michigan corporation with headquarters and principal place of business in Michigan. Envision invents, develops, manufactures and sells 3D printers. Stax is an Arizona corporation with headquarters and principal place of business in Gilbert, Arizona. Stax provides 3D printing services and operates as a distributor for 3D printing equipment. Yocum is an individual domiciled in Arizona; he is the founder, CEO, owner, managing partner, and resident agent for Stax. In those capacities Yocum signed the Distributor Agreement ("Agreement") on behalf of Stax.

As part of this Agreement, Envision agreed to manufacture 3D printers and equipment for Stax to sell, distribute or otherwise use for its own purposes. Stax submitted a written purchase order to Envision for the manufacture and delivery of a shipment of 3D printing equipment to

2

Arizona State University ("ASU"). The equipment was worth approximately $86,000. Plaintiff initially requested a 50% down payment before releasing the equipment to Stax but eventually agreed to extend the equipment on credit with the expectation that Stax would pay Envision once Stax received payment from ASU.

On December 21, 2018, Envision shipped the equipment directly to ASU and ASU paid Stax. Stax, however, did not pay Envision. Yocum says Envision delivered the printers late to ASU and, as a result, ASU decided not to pay Stax until 30 days after installation was complete. By the time Stax received payment from ASU, Yocum says, Stax was in serious financial difficulty. Instead of paying Envision for the equipment, Stax used the proceeds of the sale to make payroll and meet Stax's other legal and financial obligations. Envision says Yocum used the proceeds to line his own pockets. [ECF No. 16, PageID.251].

Envision sued Yocum for breach of contract and unjust enrichment. [ECF No. 1]. At the Court's direction, Envision filed an amended complaint curing its jurisdictional deficiencies. [ECF No. 5]. Yocum moved to dismiss this amended complaint for lack of personal jurisdiction and failure to state a claim. [ECF No. 12]. In response, Envision filed a Second Amended Complaint ("SAC"). [ECF No. 13].

3

Now before the Court is Yocum's Motion to Dismiss the SAC which alleges that the SAC fails to adequately plead personal jurisdiction and fails to state a claim over him. Yocum says that the Court should either strike or dismiss the SAC against him. Envision says personal jurisdiction over Yocum is appropriate because Stax is "essentially a one man operation" with Yocum at the helm. [ECF No. 16, PageID.247]. Additionally, Plaintiff claims Yocum knowingly negotiated the Agreement with a Michigan corporation, traveled to Michigan and communicated electronically between Arizona and Michigan. Plaintiff says personal jurisdiction is proper because of those "business activities."

### III.   LEGAL STANDARD

#### Fed. R. Civ. P. 12(b)(2)

Stax brings the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). Under this rule, "[t]he plaintiff bears the burden of establishing through "specific facts" that personal jurisdiction exists over the non-resident defendant, and the plaintiff must make this demonstration by a preponderance of the evidence." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). Where the court does not conduct an evidentiary hearing on the issue of personal jurisdiction in considering a Rule 12(b)(2) motion, the plaintiff "need only make a prima facie showing of jurisdiction."

*CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir.1996). The Court does "not weigh the facts disputed by the parties but instead consider[s] the pleadings in the light most favorable to the plaintiff." *Id.* The Court may, however, "consider the defendant's undisputed factual assertions." *Huizenga v. Gwynn*, 225 F. Supp. 3d 647, 654–55 (E.D. Mich. 2016).

### Fed. R. Civ. P. 12(b)(6)

Because the Court grants this motion on jurisdictional grounds, it is unnecessary to address the legal sufficiency of the claims against Yocum.

### IV. DISCUSSION

A. <u>Fed. R. Civ. P. 12(b)(2) – Lack of Personal Jurisdiction</u>

Envision says it has personal jurisdiction over Yocum because: (1) Yocum made material misrepresentations during the negotiations that Envision relied on to enter into the Agreement; and (2) the Agreement was negotiated and entered in the State of Michigan. They say Yocum should not be able to hide behind his company when legal action arises from his individual conduct.

Yocum says that under the terms of the Agreement, Stax is the "Distributor" and he is not a party.

In a diversity case, the Court's exercise of personal jurisdiction over a defendant must be authorized by Michigan law and be in accordance with the 14th Amendment's Due Process Clause. *See CompuServe, Inc*. 89 F.3d 1257 at 1262. Because "Michigan's long-arm statute extends to the limits imposed by federal constitutional due process requirements ... the two questions become one." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016). The exercise of personal jurisdiction over Yocum is consistent with due process if Yocum purposefully availed himself of the privilege of acting or causing a consequence in Michigan, if the cause of action arose from his Michigan activities, and if his actions, or the consequences he caused, have a sufficiently substantial connection with Michigan so as to make the exercise of jurisdiction reasonable. *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017).

In Michigan, personal jurisdiction over individuals may be general or specific. *See Air Products and Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549–50 (6th Cir. 2007).

I.  No General Jurisdiction over Yocum

General jurisdiction exists independently from the facts of the action and may be found where the defendant is present in the state at the time process is served, consents to the state's jurisdiction, or is domiciled in the

6

state. *See* MCL § 600.701. None of these things is true with respect to Yocum. There is no basis for the Court to assert general personal jurisdiction over him.

      II.    <u>No Specific Jurisdiction over Yocum</u>

A court's exercise of personal jurisdiction over a nonresident defendant is appropriate only if it meets the state's long-arm statute and constitutional due process requirements. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). Under Michigan's long-arm statute, specific jurisdiction may be exercised over an individual if, for example, he or she (1) transacts any business within the state; (2) does or causes an act to be done, or consequences to occur, in the state resulting in an action for tort; or [….] (5) enters into a contract for services to be rendered or for materials to be furnished in the state by the defendant. Mich. Comp. Laws Ann. § 600.705.

The Sixth Circuit promulgated a three-prong test to guide this determination:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences

7

caused by the defendant must have a substantial enough connection

with the forum state to make the exercise of jurisdiction over the

defendant reasonable.

*CompuServe* 89 F.3d 1257 at 1263.

The Court concludes that Envision fails to satisfy the *CompuServe*

test.

### a. Purposeful Availment

The first requirement is that an out-of-state defendant purposefully

avail himself of the privilege of acting or producing consequences in the

forum state. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889

(6th Cir. 2002).

Envision says that Yocum purposefully availed himself of Michigan

law because (1) all significant business negotiations went through Yocum;

(2) Yocum knew Envision was a Michigan company because of their

previous dealings; and (3) Yocum presented the ASU deal and made the

decision to use the proceeds from the ASU deal to pay operating expenses

instead of paying Envision. [ECF No. 16, PageID.254].

Yocum says his contacts fall far short of purposeful availment

because no breach of contract occurred in Michigan and Stax never sold or

intended to sell any products in Michigan.

8

Purposeful availment "is present where the defendant's contacts with the forum state proximately result from actions by the defendant himself that create a substantial connection with the forum State and where the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court…" *Beydoun v. Wataniya Restaurants Holding, Q.S.C.,* 768 F.3d 499, 506 (6th Cir. 2014). This "purposeful availment" requirement ensures that a defendant will not be brought into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985).

With respect to exercising personal jurisdiction over individual corporate officers, the Sixth Circuit states:

> While it is true that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation,"…the mere fact that the actions connecting defendants to the state were undertaken in an official rather than personal capacity does not preclude the exercise of personal jurisdiction over those defendants.

*Balance Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 698 (6th Cir.2000) (internal citations omitted).

9

The Sixth Circuit further instructed, "where an out-of-state agent is actively and personally involved in the conduct giving rise to the claim, the exercise of personal jurisdiction should depend on the traditional notions of fair play and substantial justice; i.e., whether [ ]he purposely availed [him]self of the forum and the reasonably foreseeable consequences of that availment." *Id.*

The Court finds that the course of dealings between the parties demonstrates that Yocum's contacts with Michigan were too "attenuated" to constitute purposeful availment.

Envision produced several emails regarding the ASU deal that were exchanged between Envision employees in Michigan and Stax employees - including Yocum. [ECF No. 17-1, PageID.305 – 308]. Though the communications are between an Arizona and Michigan corporation, each communication pertained to the ASU deal where, ultimately, 3D printing equipment was shipped and delivered to a college in Arizona. No communication discussed a shipment of equipment or even solicitation of sales in Michigan. While purposeful availment may exist when a defendant makes telephone calls and sends facsimiles into the forum state, the "quality rather than the quantity" of the contacts is the proper subject of review. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000); *see*

10

*also Henderson*, 428 F.3d 605 at 616. Envision has not made a prima facie

showing of any communications which indicate that Yocum sought to

create "continuous and substantial" consequences in Michigan. *See*

*Calphalon Corp.* 228 F.3d 718 at 723.

Envision also fails to allege sufficient facts to make a prima facie

showing that Yocum purposefully availed himself to Michigan law through

his physical presence in the forum. Yocum signed the contract from

Arizona and Envision did not produce evidence indicating that negotiations

took place in Michigan. [ECF No. 17-1, PageID.284]. In a footnote, Envision

says it could offer evidence "which would include flight itinerary and hotel

information for Yocum's business travel into Michigan," but it fails to provide

such evidence. [ECF No. 16, PageID.255]. While territorial presence can

be an indicator of reasonableness and foreseeability, *See Burger King*, 471

U.S. 462 at 476, there is scant evidence that Yocum was ever present in

Michigan.

Envision also claims that Yocum purposefully availed himself of the

laws of Michigan because he knowingly contracted with a Michigan

corporation. However, the *Burger King* Court held "[i]f the question is

whether an individual's contract with an out-of-state party alone can

11

automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot." *Id.* at 478.

Envision does not allege that Stax ever advertised, sold or attempted to sell any Envision equipment in the State of Michigan. In *International Technologies Consultants v. Euroglas*, 107 F.3d 386, 395 (6th Cir.1997), the Court found it "purely fortuitous" that the foreign defendant-seller had any contact with Michigan where the defendant was not attempting to "exploit any market for its products" in the state of Michigan, but rather had contact with the state only because the plaintiff chose to reside there. Likewise, in *Calphalon Corp.,* 228 F.3d 718, at 723. the Sixth Circuit held that an out-of-state defendant-buyer did not purposefully avail itself of the benefits and protections of the forum state's laws because "no facts connected the subject matter or performance of the contract at issue to the forum state." Envision has not demonstrated that Yocum's commercial efforts were "purposefully directed" towards residents of Michigan in any way.

Viewing the available record in the light most favorable to the Plaintiff, the Court finds that Envision failed to present sufficient evidence that Yocum purposefully availed himself to Michigan law.

12

### b. Arising From

"When the operative facts of the controversy arise from the defendant's contacts with the state," the second prong of *CompuServe* is satisfied. *Calphalon Corp.,* 228 F.3d 718, at 723. Physical presence in the state is not a requirement in the "arising from" analysis. *See Hahn v. Costway LLC*, No. 20-12396, 2020 WL 6544816, at *4 (E.D. Mich. Nov. 6, 2020).

Here, the alleged breach of contract occurred in Arizona. In *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 151 (6th Cir. 1997), the 6th Circuit found the "arising from" requirement was not satisfied because defendant's alleged failure to pay the purchase price occurred out of state. The ASU deal concerned a delivery of 3D printers to ASU, located in Tempe Arizona. While Envision ultimately delivered the printers directly to ASU, the University paid Stax in Arizona and Stax's alleged refusal to pay occurred in Arizona. *See Calphalon Corp.*, 228 F.3d at 724 (finding that the action did not arise from the forum state because the "facts at issue did not occur in the forum state nor were the consequences of the breach substantially connected to the forum state"). Envision has not satisfied the "arising from" requirement of the *CompuServe* test.

13

### c. Reasonableness

The third and final prong of the *CompuServe* test mandates that "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *See Youn v. Track, Inc.*, 324 F.3d 409, 419 (6th Cir.2003).

Generally, when determining whether it is reasonable to exercise personal jurisdiction over a non-resident defendant, a court must consider several factors including: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy. *CompuServe*, 89 F.3d at 1268.

First, Yocum would be substantially burdened if forced to litigate this case in Michigan given that he resides in Arizona.

Second, Michigan does have a strong interest in exercising jurisdiction over Yocum because Envision is a resident corporation of the State of Michigan which has an interest in "protecting its residents' legal options." *Intera Corp.* 428 F.3d 605 at 618 (citing Youn, 324 F.3d at 419). Nevertheless, the fact that the alleged misrepresentations and breach did not occur within Michigan diminishes Michigan's interest. *See Henderson*,

14

428 F.3d 605 at 618. Furthermore, since Yocum was not a party to the Agreement he could not have reasonably expected to be hauled into a Michigan Court.

Third, while Envision has an interest in obtaining relief, the forum of Arizona is readily available to it. In fact, Arizona may have a stronger interest in resolving this controversy because ASU is located in Arizona, Stax3d is an Arizona corporation and Yocum lives there.

Envision failed to establish all three prongs of the *CompuServe* test. The Court concludes that it would not be reasonable for a Michigan court to exercise jurisdiction over Yocum.

### B. Attorney's Fees

Yocum bases his entire motion on the argument that he is not a party to the Agreement. Yet he seeks a benefit - attorney fees - which is available only to prevailing parties under the Agreement.  He cannot have it both ways. The Court declines Yocum's request to award him attorney fees against Envision

### V.    CONCLUSION

Yocum's Motion to Dismiss for lack of personal jurisdiction [ECF No. 14] is **GRANTED** and Plaintiff's Second Amended Complaint [ECF No. 13] is **DISMISSED WITH PREJUDICE** against Yocum. Because the Court grants

15

Defendant's motion on a jurisdictional basis it need not address the merits of the substantive claims.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 23, 2020